# Johnson, Nesbitt & Co. *v.* First National Bank of Gadsden.

## *Assumpsit.*

### (DECIDED FEB. 8, 1906, 40 So. REP. 78.)

1. *Partnership; Actions; Form.*—A suit by a partnership is properly brought in the names of the individual members composing the firm, and the addition of the words, "partners as J. N. & Co.," are merely *descriptio personae.*
2. *Appeal; Parties; Firm.*—Where the action is by the individual members of a partnership, and the certificate of appeal shows that the appeal is taken in the name of the partnership, and not by the plaintiffs as designated in the summons and complaint, this court cannot entertain it.

APPEAL from Gadsden City Court.

Heard before. Hon. JNO. H. DISQUE.

This was an action for money had and received to the account of the appellant which the appellees refused to pay setting up in defense that it was paid out under orders of an agent of appellant and by appellant's authority. The facts upon which the opinion is rested sufficiently appear. therein, and the dismissal of the appeal is predicated upon the facts that the appeal is certified to this court as the appeal of the partnership, where the partnership had no, suit pending from which they could appeal.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant.

AMOS E. GOODHUE, for appellee.

(Attorneys for both appellant and appellee filed briefs upon the points raised by the assignment of errors, but not on the point on which the appeal was dismissed.)

DENSON, J.—In the summons the plaintiffs are described as A. S. Johnston, W. D. Nesbitt, and W. D. Carr, partners as Johnston, Nesbitt & Co., and the complaint

[Stakely v. Ex. Com. of Foreign missions of Presbyterian Church.]

follows the summons. This made the suit one by the plaintiffs as individuals, and not one in the name of the partnership; the words "partners as Johnston, Nesbitt & Co." being merely *descriptio personae.*—*Baldridge v. Eason,* 99 Ala. 516, 13 South. 74; *Compton v. Smith,* 120 Ala. 233, 25 South. 300; *Bolling v. Speller,* 96 Ala. 269; 11 South. 300. Moreover the suit could not have properly been brought in the name of the partnership.— *Moore v. Burns,* 60 Ala. 269; *Lanford v. Patton,* 44 Ala. 584.

The certificate of the clerk shows the appeal was taken by a partnership, and not by the plaintiffs, as designated in the summons and complaint. It follows that we cannot entertain the appeal, and it must be dismissed.

Appeal dismissed.

HARALSON, TYSON, SIMPSON, and ANDERSON, JJ., concur.