(128 So. 779)

## COBERN v. FOSHEE.

### 5 Div. 47.

Supreme Court of Alabama.

May 29, 1930.

---

302

J. B. Aird, of Birmingham, for appellant.

Lawrence F. Gerald, of Clanton, for appellee.

SAYRE, J.

Complainant (appellee) by her bill sought to reform a conveyance of real property. The property in dispute was shown on the map of Maplesville as follows:

This part of the map is here reproduced, not because it was referred to in complainant's muniments of title—for it was not—but merely to make plain the subject-matter of the controversy between the parties.

Complainant's case was that she contracted with defendant for the purchase of a parcel of land exhibited to her by defendant, during the antecedent negotiation, as the property he wished to sell; but that, when the agent to whom he intrusted the preparation of the conveyance delivered the same to her, either by fraud or mistake it failed to describe lot 5, and that she did not discover the error until shortly before this bill was filed.

The second paragraph of complainant's bill avers, in effect, that the parties agreed upon a sale and conveyance of the entire tract composed of lots 5 and 6; that the scrivener, to whom was intrusted the preparation of the conveyance, made a mistake of omission; and that both the grantors (the owner and his wife) and the grantee intended and thought the deed prepared by him and delivered to complainant described the entire tract. This was a sufficient averment of mutual mistake, for the law is that when by mistake a written instrument expresses more or less than the parties intended, the court of equity will reform it upon full and satisfactory proof of the mistake, unless the rights of innocent third parties have intervened. This court so defined the equity of such case and so stated the burden of proof in Clopton v. Martin, 11 Ala. 187. That such is the law is settled by a host of authorities. 34 Cyc. 908. The demurrer of defendant—so to speak of defendant Cobern, the husband, for against him alone was the decree rendered, and complainant does not appeal—was inapt for the reason that it was addressed to a charge of fraud, whereas this paragraph of the bill charged mutual mistake, and was overruled without error.

The alternative title to relief averred in paragraph 3 of the original bill was immune to the grounds of demurrer addressed to it. The alternative averment is, in effect, that complainant was mistaken as to the property described in the deed—thought it described the entire tract—and that defendant knew that the description was false and was made for the purpose of deceiving complainant who acted upon it. In short, this paragraph averred fraud on the part of defendant; mistake on the part of complainant. This stated a case calling for the equitable remedy by reformation. Blackburn v. Perkins, 138 Ala. 305, 35 So. 250.

The authorities heretofore cited sufficiently show that demurrers to other alternative aspects of complainant's bill were overruled without error.

Complainant assumed the burden of establishing her case by "very clear proof."

Dexter v. Ohlander, 95 Ala. 467, 10 So. 527. Or, as a little more elaborately expressed in Campbell v. Hatchett, 55 Ala. 551, where the court, stating the result of numerous decisions, held the presumption to be that the written instrument contains the conclusion of all previous negotiations, the final agreement of the parties, and the party asking reformation must prove by clear, exact, and satisfactory evidence that a mistake has been made. These statements as to the weight of evidence necessary to relief in a case of this character are in substantial accord with that stated in Clopton v. Martin, supra.

It appears, very satisfactorily, that complainant sought to purchase the tract to which we now refer as composed of lots 5 and 6; that the entire tract was pointed out to her as the subject of negotiation; that the entire tract was inclosed under one fence and had for many years been known as the Cobern place; that her purpose and intent was to buy the whole place; that defendant delivered the deed under which he held lot 6 to the cashier of the bank at Maplesville with direction that he prepare a deed to complainant; that he prepared the deed now in dispute; that it was delivered to complainant as being in compliance with the agreement between herself and defendant; that she did not discover the defect in the deed until shortly before the bill was filed.

Complainant had no expert advice. The description of the property in complainant's deed by metes and bounds and as the "I. C. Cobern house and lot," in so far as concerned metes and bounds, was confusing, nor was there any reference to the map of Maplesville; and, at any rate, complainant was not aware, at the time of delivery, that the deed to her described a part only of the Cobern place. Defendant afterwards asserted his continued ownership of lot 5. The judgment here is that by mutual mistake the deed from defendant to complainant failed to include lot 5, or, if defendant would prefer that statement of the case, complainant believed, and had good reason to believe, that her deed described the whole place, and that with fraudulent purpose defendant imposed upon her a deed describing only a part of the place. In either case complainant was entitled to relief and the decree was properly rendered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.