60 So.2d 690

REYNOLDS v. SCOTT et al.

8 Div. 607.

Supreme Court of Alabama.

Oct. 9, 1952.

W. L. Chenault, Decatur, for appellant.

Russell W. Lynne, Decatur, for appellees.

**SIMPSON, Justice.**

Bill in equity by the trustees of the West Side Baptist Church of Decatur, Alabama, an unincorporated religious organization, to reform a real estate conveyance. From a decree granting relief, one of the defendants has appealed.

The defendants are the City of Decatur, which executed the deed; Hurth and Adams, designated in the original deed as two of the trustees of said church; and Berta Caldwell Reynolds, who claimed to be the common-law wife of one John C. Caldwell, another grantee named in the deed; and Berta's five children, whom Berta claims to be the issue of the common-law marriage between herself and Caldwell. Berta alone has appealed.

The City of Decatur had acquired title to the property by a foreclosure sale for delinquent public improvement assessments and later executed the deed in question. The conveyance purported to convey the property to "W. P. Hubbard, James J. Hurth, Harrison Carter, John C. Carwell [Caldwell], Charlie Adams and Frank L. Davis, Trustees of the West Side Baptist Church of Decatur, Alabama." The conveyance was duly executed in the name of the City by its mayor and attested by the city clerk.

By reason of the indefinite nature of the grant and the probable construction that the designation of the grantees as trustees would be regarded as merely *descriptio personae* and that the absolute title was vested in the individuals named, Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Johnston, Nesbitt & Co. v. First National Bank, 145 Ala. 378, 40 So. 78; Buckley v. Wilson, 56 Ala. 393.; 76 C.J.S., Religious Societies, § 58, page 824, this suit was instituted on the part of the trustees of the church to have the deed reformed so as to vest the title in them for the use and benefit of the church. Appellant claims Caldwell purchased the property and owned it all and intended to give the church a part of it.

Clearly the bill was well filed and not subject to the demurrer interposed. It alleged the facts above and that it was the purpose and intent of the persons named as grantees in the deed, as well as that of the grantor, that the property be conveyed to the trustees in trust for the use and benefit of the West Side Baptist Church and the membership thereof, but that the complainants are advised that the deed effected to put the title in the named grantees individually. Thus is shown that the conveyance did not express the true intention of the parties by reason of a mutual mistake

between them, authorizing equitable interposition to grant relief for a reformation of the conveyance. One of the established grounds of equitable jurisdiction is the power to reform a written instrument so as to make it conform to the intention of the parties when through a mutual mistake their intention is not so expressed. Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576(1), and cases cited.

The evidence abundantly sustains the allegations of the bill. The scrivener of the deed was unlearned in the law, presumably the city clerk, and both this official and the mayor testified that it was the intention of the parties, both the City, for which these two officials acted, and the grantees that the conveyance was for the use and benefit of the West Side Baptist Church. The trustees who appeared as witnesses also testified to the same effect.

The evidence of the appellant, Berta, to sustain the contrary and that her claimed common-law husband, John C. Caldwell, had purchased the property in his own right and intended to give the church a part of it, was far from persuasive. Indeed, we are not convinced by that degree of certainty the law requires that she even proved that she was the common-law wife of Caldwell, thereby making it possible for her and her children to inherit from him. In order to establish the status of a common-law marriage, the evidence must be clear and convincing that there was a mutual understanding between the parties to presently enter into the marriage relation, permanent and exclusive of all others, after which there is a public recognition of the existence of the common-law marriage. Jenkins v. Avery, ante, p. 387, 59 So.2d 671, and cases cited.

We are left under no doubt from the evidence that the trial court concluded correctly that the deed through a mutual mistake did not express the object and intention of the contracting parties by the use of appropriate phraseology and that the relief should be granted. The following statement by the court in the case of Waller v. Mastin, 220 Ala. 479, 480, 125 So. 806, 807, is pertinent:

"The evidence fully, clearly, and satisfactorily established that the mistake in drawing the conveyance was that of the scrivener, and the parties thereto, through ignorance and misapprehension as to the legal effect of the conveyance so drawn for them, executed a different conveyance from that intended and which the scrivener was instructed to draw; and that said writing did not express the true, real intent and agreement of the parties to the conveyance made at the time of its execution and delivery thereof."

The relief prayed for was properly granted.

The appeal might be subject to dismissal on technical grounds, but rather than treat of this, we have preferred to review the cause on its merits.

The other grounds argued for a reversal by the appellant and by the guardian ad litem for the cross-appellants, children of appellant, are without merit and do not impress us as requiring any extended discussion.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.