255 So.2d 12

**Robert L. DUCKETT et al.**

v.

**Roselle K. LIPSCOMB.**

7 Div. 905.

Supreme Court of Alabama.

Nov. 24, 1971.

Simmons, Torbert & Cardwell, Gadsden, for appellants.

Martin & Floyd, Gadsden, for appellee.

LAWSON, Justice.

The appeal is by the complainants below from a final decree wherein the trial court refused to reform the description in a deed.

Reformation was sought on the ground that the property described in the deed in question "is not the property intended to be conveyed by said deed, * *, * as a result of and through the mutual mistake of all parties hereto." The grantee in the deed was the respondent in the trial court and is the appellee here.

[1] One of the established grounds of equitable jurisdiction is the power to reform a written instrument so as to make it conform to the intention of the parties when through a mutual mistake their intention is not so expressed, unless rights of innocent third parties have intervened.—Cobern v. Foshee, 221 Ala. 301, 128 So. 779; Reynolds v. Scott, 257 Ala. 670, 60 So.2d 690.

Where, as here, reformation is sought solely on the ground of mistake, no fraud intervening, mutuality of the mistake is essential.—Darden v. Meadows, 259 Ala. 676, 68 So.2d 709; Kant v. Atlanta, B. & A. R. Co., 189 Ala. 48, 66 So. 598.

In order to warrant equity to grant relief by reformation, the complainant has the burden of showing by evidence that is clear, exact, convincing and satisfactory that the instrument does not express the true agreement of the parties.—Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80.

The burden upon the complainants is not only to show that the writing sought to be reformed does not express the intention of the parties, but complainants also have the burden of showing what, in fact, the parties had intended the writing should contain.—Garrett v. Kirksey, *supra*.

In Page v. Whatley, 162 Ala. 473, 474, 50 So. 116, 117, it is said: "Equity grants reformation of deeds only when error certainly appears, and never upon a mere probability or a mere preponderance of evidence. (Authorities cited) * * *."

In Bankhead v. Jackson, 257 Ala. 131, 57 So.2d 609, we took note of the fact that for the purpose of determining whether relief on the ground of mistake as to the quantity of land should be granted, the cases have been divided into two general classes: (1) When the sale is of a specific quantity, which is usually denominated a sale by the acre; and (2) when the sale is of a specific tract by name or description, which is usually called a sale in gross. A contract of sale by the acre is one wherein a specified quantity is material. Under such a sale the purchaser does not take the risk of any deficiency and the vendor does not take the risk of any excess. A contract of sale by the tract or in gross, on the other hand, is one wherein boundaries are specified, but quantity is not specified, or, if specified, is not material, each party taking the risk of the actual quantity to vary to some extent from what he expects it to be. See authorities cited in Bankhead v. Jackson, *supra*.

The deed involved in this case, on its face, is a conveyance by the tract or in gross in that the land is described by reference to a government subdivision and by metes and bounds. The quantity of land is not mentioned in the deed.

We are concerned on this appeal with only a question of fact. Therefore, we will refrain from discussing the evidence in detail, as it would add nothing to established law or serve any useful purpose.—§ 66, Title 13, Code 1940; Gamble v. Moore, 278 Ala. 104, 176 So.2d 35, and cases cited.

The following summary of the evidence, in our opinion, is sufficient for the purpose of this appeal.

Although no survey was introduced in evidence, and there is no legal evidence that a survey has ever been made of the prop-

erty described in the deed in question, the complainant, Robert L. Duckett, testified that the description in the deed encompasses thirty-three and three-fourths acres; that the respondent was told that only twenty-five acres were being sold to her; that the scrivener was told by him that only twenty-five acres were to be described in the deed, although no survey, map or diagram was furnished the scrivener to be used by him in drafting the deed.

The scrivener, who was called as a witness by the complainants, testified that he had no recollection of being told the number of acres encompassed within the lands described in the deed or that the grantors intended to convey only twenty-five acres. He testified, and it is not disputed, that the description set out in the deed in question was that which was used in a deed from one Sherrill to the complainant, Robert L. Duckett, and his father-in-law, Jim Pollard. Pollard subsequently conveyed his one-half undivided interest in the property to the complainant, Robert L. Duckett.

The respondent, Mrs. Roselle Lipscomb, the grantee in the deed involved in this litigation, testified to the effect that her purchase of the property was based on the boundaries and corners as pointed out to her and not on a basis of acreage, although she stated that when she was shown the property she was told that it contained about thirty acres.

The complainants offered some testimony to the effect that after the deed was executed, Mrs. Lipscomb, upon being told that the description covered more than twenty-five acres, agreed to reconvey to the grantors or to Jim Pollard eight and three-fourths acres. Mrs. Lipscomb, on direct examination, gave testimony tending to show that she had made such a statement, conditioned upon a survey being made; but on cross and redirect examination her testimony is subject to the construction that she did not agree to reconvey the eight and three-fourths acres, as claimed by the complainants.

The best that can be said of the complainants' case is that the evidence is in conflict in some material respects. We are clear to the conclusion that the complainants did not meet the burden of proof which was upon them. Certain it is that the proof adduced was not clear, exact and satisfactory to the effect that the description in the deed did not express the intention of the parties.

In this case, the trial court saw and heard the witnesses. Hence, there is another principle which governs our review. The finding of the trial court as to the facts is to be accorded all the presumptions indulged in favor of the verdict of a jury.—Franklin v. Scott, 222 Ala. 641, 133 So. 684.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.