293 So.2d 292

The ORIGINAL CHURCH OF GOD, INC., a corporation

v.

Benjamin F. PERKINS.

SC 554.

Supreme Court of Alabama.

April 11, 1974.

**284**

Jerry W. Jackson, Haleyville, for appellant.

Nolen & Enslen, Fayette, for appellee.

LAWSON, Supernumerary Justice.

The appeal is by the complainant below from a final decree wherein the trial court refused to reform the description in a deed.

Reformation was sought on the ground that the property described in the deed is not the property intended to be conveyed because of a mutual mistake of the parties. The grantee in the deed was the complainant below and is the appellant here.

One of the established grounds of equitable jurisdiction is the power to reform a written instrument so as to make it conform to the intention of the parties where, through a mutual mistake, their intention is not so expressed unless rights of innocent third parties have intervened. Cobern v. Foshee, 221 Ala. 301, 128 So. 779; Reynolds v. Scott, 257 Ala. 670, 60 So.2d 690; Duckett v. Lipscomb, 287 Ala. 668, 255 So.2d 12.

[2] Where, as here, reformation is sought solely on the ground of mistake, no fraud intervening, mutuality of the mistake is essential. Darden v. Meadows, 259 Ala. 676, 68 So.2d 709; Kant v. Atlanta, B. & A. R. Co., 189 Ala. 48, 66 So. 598.

In order to warrant equity to grant relief by reformation, the complainant has the burden of showing by evidence that is clear, exact, convincing and satisfactory that the instrument does not express the true agreement of the parties. Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80.

The deed involved in this case, on its face, is a conveyance by the tract or in gross in that the land is described by reference to a government subdivision and by metes and bounds. The quantity of land is not mentioned in the deed.

The lot described in the deed is apparently located in rural Fayette County and is used for church purposes.

The size of the lot is not questioned. The appellant, the complainant below, in effect, averred in its bill of complaint that the mistake in the deed is that the lot is described therein as being in Section 25, Township 15, Range 11 West, Fayette County, Alabama, while, as a matter of fact, said lot is in Section 28 of that Township and Range.

The appellee, the respondent below, in his answer denied such allegations but in his testimony admitted them and stated, in effect, that the lot described in the deed was that which he intended to convey; that at the time the deed was executed he was under the impression that it was in Section 25 but has since learned that it is situated in Section 28.

Appellee was for several years the pastor of the church located on the subject property and the evidence tends to show that the church buildings were constructed in part with his money and his labor. He was later discharged as pastor and much of the evidence relates to the question as to whether his removal followed the discipline of the church.

But reformation of the description in the deed in question cannot be correctly refused even though appellee may have been improperly removed from his pastorate or because the church may be under an obligation to refund him for moneys advanced and to pay him for his labors. Of course, we express no opinion as to these questions.

Some of the testimony of appellee may have been offered for the purpose of showing that the conveyance was voluntary. We call attention to the rule that if a deed recites a good or valuable consideration, as does the deed in question, relief will not be denied on the ground that it

was voluntary. Skelton v. Tyner, 247 Ala. 511, 25 So.2d 160.

 Where, as here, all the testimony tends to show that there was a misdescription in the deed, reformation should have been decreed. The trial court erred in not so decreeing.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.