ALMON, Justice.
Appellees, creditors of the estate of Robert H. Simpson, filed an action in Montgomery County Circuit Court, seeking an order requiring that Mary Mildred Simpson, Executrix of Robert H. Simpson’s estate, convey certain real property and apply the proceeds thereof to the estate’s debts. Subsequently, Mary Mildred Simpson individually petitioned the court for leave to intervene, asserting a personal claim to the property made the basis of the appellees’ action, and seeking reformation of the deed which originally conveyed this property to Robert H. Simpson. Mrs. Simpson’s petition was granted, and a hearing was held to determine whether the original deed to Robert H. Simpson as sole grantee should be reformed to include Mary Mildred Simpson as a joint tenant with right of survivorship. From an order denying Mrs. Simpson’s petition for reformation, she appealed. We affirm.
On March 10, 1975, Robert H. Simpson, husband of the Appellant, Mary M. Simpson, died in Montgomery, Alabama. His will was probated March 17, 1975 and letters testamentary were issued to Appellant Mary M. Simpson on April 25, 1975. On November 19, 1975, Mr. Simpson’s estate was removed from the Montgomery County Probate Court to the Montgomery Circuit Court. Shortly thereafter, Appellees, First Alabama Bank of Montgomery, N. A., Union Bank and Trust Company, Crescent Credit Corporation and the Bank of Pratt-ville filed a complaint praying, inter alia, for an order requiring Appellant Mary Simpson, as Executrix of Mr. Simpson’s estate, to sell her home to satisfy claims of creditors of Mr. Simpson. Later, an additional complaint was filed against Appellant on behalf of the Alabama National Bank of Montgomery.
Along with her answer to these complaints, Mrs. Simpson individually filed a petition to intervene, on the grounds that the property in question was to have been conveyed to her and to her husband as joint tenants with rights of survivorship; so that upon the death of her husband, the title to this property vested in her absolutely. She sought an order reforming the deed to reflect the survivorship provision, and “declaring that Mary Mildred Simpson, individually is the sole owner of the real property.” Her petition to intervene was granted, a hearing was set, and on August 18, 1976, her claim for reformation was denied. The trial court found that Mrs. Simpson was present at the time the deed was executed and delivered to her husband, and that she and her husband had private legal representation at the closing of the transaction. The court also noted that more than ten years had elapsed from the time the deed was executed, delivered and thereafter recorded.
Alabama has expressly provided for reformation or revision of a written docu *291 ment when circumstances warrant. § 35-4-153, Code 1975, provides:
“When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value.”
This section has been recognized as the codification of the right of reformation recognized at common law. Fidelity Serv. Ins. Co. v. A. B. Legg & Sons Burial Ins. Co., 274 Ala. 94, 145 So.2d 811 (1962), City of Oneonta v. Sawyer, 244 Ala. 25, 12 So.2d 82 (1943). The appellant, in order to avail herself of this statutory remedy, must, however, sustain a burden of proof establishing her case by clear, exact, convincing and satisfactory evidence. Original Church of God, Inc. v. Perkins, 292 Ala. 283, 293 So.2d 292 (1974).
On May 20, 1965, Robert H. Simpson and the appellant signed a contract agreeing to purchase the property in question. The Simpsons were to buy this residential property from Forestdale Homes, Inc., who was represented in the transaction by Robert B. Fain, of Bob Fain Realty Company, Inc., and the contract of May 20, 1965 specified that the conveyance was “to be made to Robert H. Simpson and Mary S. Simpson.” Robert B. Fain testified that between May 20, 1965, the date of the execution of the contract, and August 2, 1965, the closing date, he had occasion to speak with Robert H. Simpson regarding this transaction. Mr. Fain’s testimony indicated that Mr. Simpson specifically requested that the deed be prepared “in his name only.” According to Mr. Fain, Mr. Simpson stated “that he was taking care of Mary with his will.” Thereafter, Mr. Fain instructed the attorney preparing the deed to prepare it in the name of Robert H. Simpson as sole grantee. •
The Simpsons, along with their attorney, attended the closing on August 2, 1965. Mrs. Simpson testified that although she signed several papers, she did not read them. She stated that no one ever discussed the ownership of the home with her and “we just thought we were buying the house together.”
There are no allegations of fraud arising out of this transaction, thus to fall within § 35-4-153, Code 1975, the appellant must establish that there was “a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected,” such that the “conveyance does not truly express the intention of the parties, . . ."
It appears that although there may have been a misinterpretation of the contract, the conveyance was not misrepresented, nor was Mrs. Simpson misinformed as to the contents of the deed.
There was evidence that funds attributable to Mrs. Simpson had been used to acquire property previously acquired by the Simpsons and that the Simpsons had owned other property as joint tenants with the right of survivorship. However, when this evidence is weighed against the other evidence, especially the uncontroverted testimony of Mr. Fain and the fact that Mrs. Simpson attended the closing represented by counsel, a case for reformation was not established by clear, convincing evidence. Perkins, supra.
The trial court, having heard the testimony ore ten us, is due to be affirmed on appeal unless competent evidence shows that it is plainly and palpably wrong. Adams v. Adams, 346 So.2d 1146 (Ala.1977). We are not convinced from the evidence that the trial court was plainly or palpably wrong.
In view of the disposition of the reformation issue, we do not address the question of *292 whether any proposed revision of the instrument is barred by the ten year statute of limitations embodied in § 6-2-33, Code 1975.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.