J.D. Kirby, Bennett Ray Kirby and Lucille Kirby appeal that portion of a judgment in a boundary line dispute which permanently enjoins their use of a gravel driveway across the Edward Jones land and orders that the gravel driveway be closed. We affirm.
This action was instituted by J.D. Kirby against Edward Jones to obtain damages for trespass and a temporary injunction to enjoin the obstruction of a right-of-way. The respective wives were later joined as parties when a counterclaim was filed by Jones against J.D. Kirby and against Bennett Ray Kirby, and wife Lucille Kirby, as third-party defendants to establish judicial boundary lines between two tracts of land owned by Jones and two tracts of land, one of which is owned by J.D. Kirby and wife Rosa Lee Kirby, and one of which is owned by Bennett Ray Kirby and wife Lucille Kirby. The third-party suit sought to have a roadway which runs across Jones' property in an east-west direction closed.
For a better understanding of the case, we refer to Appendix A which contains a drawing showing the tracts owned by the parties and the roads and driveways in question.
The trial court established judicial boundary lines between the property owned by Jones (BC) and the two tracts of land owned by J.D. Kirby (A) and Bennett Ray Kirby (D) and adopted the survey of Guy S. Johnson by reference. Appellants do not contest the boundaries so established. In addition to establishing the judicial boundary lines between the properties, the court found the east-west roadway (the dotted line approximates its location) to be a public road and enjoined all parties from obstructing it. Further, the court permanently enjoined the use by J.D. Kirby and Rosa Lee Kirby of a gravel driveway (the dashed line represents its approximate location) across the Jones (B) property and ordered the gravel driveway closed.
It is from the order enjoining the use and ordering the closing of the gravel driveway that this appeal was taken.
W.M. Kirby was the common grantor in the chain of title to the properties owned by Edward Jones and wife, Betty Jo Jones, J.D. Kirby, and Bennett Ray Kirby and wife, Lucille Kirby. *Page 251 
The appellees acquired their property in two separate transactions. The first tract (B), originally conveyed by W.M. Kirby to Dorothy Bradley and Roan Bradley, was acquired by the appellees from Midstate Homes. The other tract (C), originally conveyed by W.M. Kirby to Bobby Glenn Aldridge and Barbara Aldridge, was acquired by appellees from the Aldridges. The descriptions overlap, but that is not pertinent here.
W.M. Kirby conveyed the land now owned by J.D. Kirby (A) directly to J.D. Kirby and wife, Rosa Lee Kirby. (J.D. Kirby is now divorced and possesses the interest of his former wife in the property along with the interest he possessed prior to the divorce.) In the deed to J.D. Kirby and Rosa Lee Kirby, W.M. Kirby granted a twenty-five foot wide nonexclusive easement for the purposes of a roadway (south of J.D. Kirby's land) to join it and a public road to the east of the Jones' tract B.
Noting the existence of the twenty-five foot easement, the trial court found that J.D. Kirby had access to a public road and therefore enjoined him from using the gravel driveway across the Jones' tract B and ordered the gravel driveway closed.
Appellants Kirby contend that the trial court erred in closing the gravel driveway and enjoining its use. They assert that appellant J.D. Kirby is completely land-locked and that the gravel driveway should be declared an easement by implication or an easement of necessity. In support of this contention, appellants cite the testimony of several witnesses; however, on examination of the record, we find that many statements in regard to the location of the twenty-five foot easement are ambiguous and that there are indications that witnesses were "indicating" and "pointing" to positions on exhibits and stating "here," "there," etc. Neither party took the necessary steps to clarify these statements or to preserve a record as to these references. The trial court saw the indications made by the witnesses on the exhibits. We cannot say that his findings are "clearly erroneous" under Rule 52, ARCP. Smith v. Clark, 341 So.2d 720 (Ala. 1977).
On appeal, a judgment establishing a boundary will be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence; the trial court will not be reversed unless there is a clear and decided preponderance of the evidence against its judgment. Ferrell v.Shomo Land Co., 345 So.2d 297 (Ala. 1977). The record reflects credible evidence that a twenty-five foot easement exists giving appellant J.D. Kirby access to the public road. Thus, we cannot reverse that portion of the trial court's judgment which enjoined the use of the gravel driveway and ordered it closed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and EMBRY, JJ., concur.
 Appendix to follow. *Page 252 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]