WRIGHT, Presiding Judge.
Appellee, Donald Nall, instituted this action by complaint for specific performance asking the trial court to compel appellants, Charles and Yvonne Nall, to accept final payment and satisfy a mortgage which they held on real estate of the appellee. Appellants answered and counterclaimed for a reformation of the deed by which they had conveyed the property to appellee. After hearing, the trial court granted the relief requested by appellee and denied appellants’ request for reformation of the deed.
In response to a motion by appellants, the trial court vacated its judgment and ordered a new trial. The new trial was held on July 26, 1979. After hearing additional testimony presented at this trial, the court entered a judgment reinstating its prior judgment.
Appellant cites as error the trial court’s refusal to reform the deed. Reformation was sought on the grounds that the deed did not conform to the intentions of the parties because of a mutual mistake or a mistake by one party which the other party at the time knew or suspected. § 35-4-153, Code of Alabama (1975).
The courts of Alabama will assume jurisdiction to reform a written instrument on the ground of mistake where there has been an agreement actually entered into, but the instrument in its written form does not express the parties’ intentions. Gray v. Lincoln Industrial Insurance Co., Inc., 295 Ala. 157, 325 So.2d 151 (1976).
In order to warrant relief by reformation, the complainant has the burden of showing by evidence that is clear, exact, convincing and satisfactory that the instrument does not express the true agreement of the parties and what, in fact, the parties had intended the writing should contain. Original Church of God, Inc. v. Perkins, 292 Ala. 283, 293 So.2d 292 (1974); Mid-State Homes, Inc. v. Anderton, 291 Ala. 536, 283 So.2d 426 (1973).
Appellants contend that it was the intention of the parties that the warranty deed by which they conveyed eighteen acres of land to appellee contain a reservation of all mineral rights. The parties agree that they intended the conveyance to reflect the desires of their deceased father. The dispute concerns their beliefs about the desires of their father.
The trial court heard the evidence ore tenus; thus, its finding as to the facts is to be accorded all the presumptions indulged in favor of a jury verdict. Mid-State Homes, Inc. v. Anderton, supra. The parties to the transaction and the attorney who drafted the deed testified at trial. The trial court found that their testimonies were in direct conflict as to the intent of the parties at the time the deed was executed and clearly show that there was no mutual mistake of the parties and no mis *577 take on the part of one party which the other party at the time knew or suspected. After a careful reading of the record, we cannot say that the trial court’s finding was erroneous.
It follows that the trial court did not err in finding that appellants had failed to meet their burden of proof and refusing to order reformation of the deed. The trial court’s order is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.