EMBRY, Justice.
W. T. McKnight, defendant, appeals from a final judgment in a boundary line dispute which established, located, and defined the boundary line between property owned by McKnight and property owned by plaintiff, Price Farms, Inc., and also ordered that the expenses incurred for the survey work done relative to this boundary line dispute be shared by both parties. We affirm.
Price Farms, Inc., initiated this proceeding by filing a complaint which included allegations that: (1) plaintiff and defendant are coterminous landowners whose properties share a common boundary for approximately 2500 feet; (2) there is a dispute as to the location of the common boundary; (3) the defendant built a fence on plaintiff’s land; (4) there is confusion and uncertainty between plaintiff and defendant as to the true location of the boundary between the properties; and (5) it is necessary for the court to appoint a qualified and licensed surveyor to'establish permanent landmarks to settle the boundary dispute as is permitted by § 35-3-3, Code 1975. McKnight filed a general denial and counterclaim alleging, among other things that: (1) it is necessary for the court to establish all boundaries between the parties; (2) the boundary line between the parties’ lands has long been marked by a wire fence; and (3) McKnight has had open, notorious, continuous, adverse and exclusive possession for twenty years of all land west of the old fence line between the parties’ property. Price Farms filed a denial of McKnight’s counterclaim.
The trial court conducted a hearing, ore tenus, and entered its final judgment with the following findings:
“The plaintiff and defendant own adjoining lands. There is a dispute as to the location of the boundary line between their property. An old fence, remnants and evidence of said fence being still in existence and on the ground, marked the boundary between the two parcels of property for years. Admittedly, the fence is crooked and does not follow the deed description and does not run exactly on a section line or 40 line. The fence meanders along, going from tree to tree, stump to stump, and gully or wash to gully or wash. It basically followed natural markings paying no attention to the deed description or to any government survey. The Court is of the opinion that this old fence line is the boundary line between the property in question.
“The Court is further of the opinion that in order to locate and define the boundary line, a line must be established by a survey and by the placing of judicial land marks along the boundary.
“The Court is further of the opinion that both parties should share the expenses incurred for the survey work done relative to this boundary line dispute.”
In accord with its findings the trial court ordered: (1) that the boundary between *562 plaintiff’s and McKnight’s properties is located and established as the old fence line as it existed after 1952 (the trial court later in the decree gave an accurate legal description of the location of the property line); (2) that Steensland and Associates survey the line and place markers along it; (3) that a prior survey prepared by Steens-land and Associates accurately depicts the location of the property line; (4) that McKnight pay plaintiff one-half the court cost and one-half the survey cost; and (5) that within fifteen days of the date of the decree McKnight remove any fence he had placed on plaintiff’s land.
McKnight filed his motion for new trial and the trial court conducted an ore tenus hearing on it. The trial court then entered an order stating among other things:
“The Court ordered and appointed Steensland and Associates, licensed surveyors in the State of Alabama, to locate and define the boundary line between the parties pursuant to certain finds [sic] by the Court and instructions from the Court and to place judicial land marks along the same. The Court finds that Steensland and Associates followed the Court’s instructions to the letter and the judgment of April 30,1979 shall stand as written so far as it relates to the boundary line.
“The Court further finds that the only survey ordered by the Court in this case was the survey ordered after the February 22, 1979 hearing, wherein judicial land marks were placed along the land in accordance with the Court’s instructions. The cost of the Court ordered survey was $1024.48 and that the sum shall be taxed as cost in this cause and paid equally by the parties.
“The Court further finds that all other surveying work done in regards to this case should be borne individually by the party employing or retaining the survey- or.”
Defendant, McKnight, contends the trial court’s decree erroneously located one of the judicial markers when establishing the boundary line between his and Price Farms’ properties; therefore, this court should reverse. We cannot agree.
The trial court specifically determined in its order, issued after the hearing on motion for new trial, that the surveyor had correctly placed the judicial markers in accordance with the instructions contained in its decree. In that decree, the trial court specifically established the boundary line between the two properties after hearing all the evidence ore tenus. Furthermore, the record reflects credible evidence supporting the trial court’s findings as to the location of the boundary line. In an appeal from a judgment establishing a boundary, such judgment will be affirmed if, under any reasonable aspect of the case, the decree or judgment is supported by credible evidence; that is to say, the trial court will not be reversed unless there is a clear and decided preponderance of the evidence against its judgment. Kirby v. Jones, 370 So.2d 250 (Ala.1979); Francis v. Tucker, 341 So.2d 710 (Ala.1977).
There being credible evidence to support the trial court’s final judgment, it is hereby affirmed.
AFFIRMED.
TORBERT, C. J„ and FAULKNER, AL-MON and SHORES, JJ., concur.