This is an appeal from a judgment establishing a boundary line and refusing to reform certain deeds. We affirm.
The appellees, plaintiffs below, are Everett Veach and his wife Dorothy Veach; the appellants are Robert Pinson and his wife Clarice Pinson. The parties are coterminous landowners, having acquired title to their respective properties from a common grantor, George Rush, who is an intervenor in this case. The controversy between the parties involves the ownership and right of maintenance and upkeep of a thirty-foot strip of land bounded on the east by appellant's western property line, on the west by the center line of Bluff Road, and on the north by Ronna Ki Road.
In 1965 Rush divided his tract of land into two parcels. On August 26, 1970, he deeded to appellants the parcel lying in the northern half of the tract. The deed contained a reservation describing the thirty foot strip and retaining title in Rush but granting to appellants "an easement over, along, and across to be used in common with others. . . ." According to Rush and the appellants, they contemporaneously entered into an oral agreement that if the thirty foot strip was not subsequently needed for road purposes (i.e., in the event Bluff Road was not widened), Rush would convey the strip to the appellants. Until that time, Rush would have the right to improve, change or modify the strip; in fact, he maintained several permanent light fixtures, shrubbery and a rock garden in the strip of land.
In August of 1971, Rush sold the remainder of his property in the tract to the appellees. This property abutted that owned by appellants. The deed from Rush included a description of the thirty-foot strip over which the easement had been granted to appellants. Immediately prior to this conveyance, Rush, the appellees and appellants entered into an agreement whereby Rush agreed to sell all the property owned by him. The agreement stated that the appellants "shall continue to have an easement for ingress and egress over, *Page 966 
along and across, in common with others, a 30 foot strip of land lying immediately west and adjacent to the property conveyed." Soon thereafter, the appellants began construction of their house, which includes a U-shaped driveway which crosses the thirty foot strip at two places and enters onto Bluff Road. This is the only access to appellants' residence.
The appellees' residence is located on the tract of land lying to the south of the appellants' land. The appellees maintained the strip of land in question by mowing the grass from the date they purchased their land in 1971 until April of 1978 when the appellants ordered them to cease cutting the grass on the strip. Appellees then brought suit to enjoin the appellants from interfering with their upkeep of the property and for a judicial determination establishing the boundary line between the two pieces of property.
A motion to intervene pursuant to Rule 24, ARCP, requesting a declaratory judgment as to any of his rights in the disputed tract, was granted to George Rush. The appellants then filed a counterclaim alleging that the deed from Rush to appellees did not reflect their true intentions and that it mistakenly transferred to appellees the thirty-foot strip. The counterclaim requested that the deeds and agreements between all parties be reformed to reflect the true intentions of Rush, appellants and appellees.
The case was tried primarily on stipulations and documentary evidence, and partially on the testimony of the parties and a surveyor, Mr. Barry. Sitting without a jury, the trial court made findings of fact and decreed that: (1) appellants' deed truly reflects Rush's intentions at the time of the conveyance; (2) appellants are not the owners of the thirty-foot strip; (3) appellees are the owners in fee of the approximate forty-five foot strip west of and adjoining the appellants' land, subject to certain easements and restrictions; (4) appellants have the right to use Bluff Road as a driveway to and from their property; (5) the thirty-foot strip between the center line of Bluff Road and appellants' west line is subject to the restriction that it shall not be used or maintained differently from the way in which it was being used and maintained on August 26, 1970, except that Bluff Road may be widened or relocated eastward up to, but not to cross, the appellants' west line; and (6) if Bluff Road is widened or relocated, the appellants will still have the right of access to and use of their driveway.
The appellants filed a motion to alter or amend the judgment or in the alternative for a new trial. This motion was denied.
Three issues are presented: Whether the trial court erred by refusing to reform the deeds; whether there was substantial conflict in the evidence to justify indulgence in the presumption favoring the trial court's findings; and whether there was credible evidence to support the trial court's ruling fixing the boundary line between the parties' properties.
The general rule is that a court may exercise its equitable powers to reform a deed to make it conform to the intentions of the parties. Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576
(1950). And where reformation is sought solely on the ground of mistake, with no fraud intervening, mutuality of mistake is essential. Original Church of God v. Perkins, 292 Ala. 283,293 So.2d 292 (1974); Duckett v. Lipscomb, 287 Ala. 668,255 So.2d 12 (1971). An error in drafting establishes mutuality of mistake. Williams v. Phillips Petroleum Co., 453 F. Supp. 967
(S.D.Ala. 1978); Fidelity Service Ins. Co. v. A.B. Legg SonsBurial Ins. Co., 274 Ala. 84, 145 So.2d 811 (1962). In such a case, the party opposing the instrument must produce evidence that is clear, convincing, and satisfactory, which proves that the deed does not truly express the intentions of the parties.Adams v. Adams, 346 So.2d 1146 (Ala. 1977); Fidelity ServiceIns. Co. v. A.B. Legg Sons Burial Ins. Co., supra; OriginalChurch of God v. Perkins, supra. Even if the plaintiff meets this burden of proof, he must also show that the reformation will not prejudice the rights of innocent third parties. Adamsv. Adams, supra; Code 1975, § 8-1-2. *Page 967 
Appellants contend that Rush conveyed the thirty-foot strip to appellees by mistake and that their deed from Rush did not express their intentions which were that Rush would convey the strip to appellants when he was certain that Bluff Road would not have to be relocated.
Appellants further contend that, because there was no material conflict in the evidence, the presumption of correctness in favor of the trial court should not be applied in our review. State v. Kershaw Mfg. Co., 273 Ala. 215,137 So.2d 740 (1962); Wright v. Price, 226 Ala. 591, 147 So. 886
(1933).
We conclude that the appellants failed to meet their burden of proof to support their counterclaim. The trial judge heard the evidence ore tenus and is due to be affirmed unless palpably wrong. Simpson v. First Alabama Bank of Montgomery,364 So.2d 289 (Ala. 1978); Adams v. Adams, 346 So.2d 1146 (Ala. 1977). We are not convinced that the trial judge was plainly and palpably wrong in refusing to reform the deeds.
There is considerable conflict in the testimony on the issue of mutual mistake. Furthermore, Rush testified that he sold the appellants seven acres of land which included the land reaching all the way to Bluff Road but that he retained a right-of-way to the thirty-foot strip in himself. Yet Rush admitted that the property sold to appellants, measured by metes and bounds, only contained 6.38 acres-seven acres minus the thirty-foot strip.
In contradiction to this, Rush testified that he did not deed the thirty-foot strip to the appellants; but that in a separate agreement, he granted the appellants an easement for access across the strip and orally agreed to sell them the strip in the future if Bluff Road did not have to be relocated east of its present location.
Similarly, testimony of the appellants contradicted itself regarding what they did and agreed to do at the time of the conveyance. Appellants concede, however, that if the deeds did reflect Rush's intentions then appellees are the owners of the strip of land in question.
Less than one year after the conveyance to appellants, Rush agreed to sell the appellees all the land he still owned in the area. The deed to the appellants described the thirty-foot strip as being contained within the property conveyed to appellees. An agreement between Rush, the appellants and appellees executed prior to the date of appellees' deed stated that the appellants would "continue to have an easement of ingress and egress" across the strip. Thus, in this agreement, Rush granted an easement to the appellants over a piece of land which he testified he had conveyed to them eleven months earlier.
Clearly then, the rule of review espoused by the appellants is not applicable here. Rather, the standard of review generally applied to cases heard ore tenus applies in this case. See Simpson v. First Alabama Bank of Montgomery, supra;Adams v. Adams, supra; Fidelity Service Ins. Co., supra.
Finally, we must determine whether the trial judge erred in establishing the boundary line between the two pieces of property. The standard of review for this issue was most recently restated in McKnight v. Price Farms, Inc.,382 So.2d 560 (Ala. 1980), wherein it was stated:
 The trial court specifically determined in its order, issued after the hearing on motion for new trial, that the surveyor had correctly placed the judicial markers in accordance with the instructions contained in its decree. In that decree, the trial court specifically established the boundary line between the two properties after hearing all the evidence ore tenus. Furthermore, the record reflects credible evidence supporting the trial court's findings as to the location of the boundary line. In an appeal from a judgment establishing a boundary, such judgment will be affirmed if, under any reasonable aspect of the case, the decree or judgment is supported by credible evidence; that is to say, the trial court will not be reversed unless there is a clear and decided *Page 968 
preponderance of the evidence against its judgment. Kirby v. Jones, 370 So.2d 250 (Ala. 1979); Francis v. Tucker, 341 So.2d 710 (Ala. 1977). [Emphasis added.]
382 So.2d at 562.
The trial judge decided to leave the boundary at the point described in both the appellants' and appellees' deeds. He concluded that at the time of the deed to, and the agreement with, the appellants, Rush had every intention of retaining ownership and control of the land west of the boundary line subject only to the restriction upon himself that the strip would not be used in any fashion other than for the relocation of Bluff Road, and further subject to appellants' right of ingress and egress. Thus, reformation of the deed was not appropriate.
The trial judge sat without a jury and had the advantage of observing the witnesses and their demeanor on the stand as well as their references to documentary evidence presented. Where testimony is taken ore tenus in a suit to fix a boundary line, the findings of fact entered by the trial judge will be sustained if there is any credible evidence to support them. This is especially true in cases such as the instant case where numerous exhibits were introduced and the record is replete with references to these exhibits, e.g., "indicating," and where there was obvious animosity between the parties involved.See Terry v. Buttram, 368 So.2d 859 (Ala. 1979); BaptistFoundation of Alabama v. Penn, 295 Ala. 122, 324 So.2d 766
(1976).
Because the decree fixing the boundary line was supported by credible evidence and the decision refusing to reform the deeds was not plainly wrong, the decision of the trial judge is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, ALMON and EMBRY, JJ., concur.