EMBRY, Justice.
This is a boundary line case brought by Stephen L. and Charlotte Holder McFall against T. J. and Cora Belle Ledbetter. It is obvious from the pleadings and judgment that it was brought pursuant to the authority found at Code 1975, Chapter 3, §§ 35-3-1, -2 and -3.
After a non jury trial in which the evidence was in sharp dispute, the trial court entered the following judgment:
This matter coming on to be heard is submitted for final judgment on the pleadings on file and the evidence presented in open court. In this action the plaintiffs have alleged that the boundary line between plaintiffs and defendants is in dispute and contend that the true and correct boundary line is the line as described in the deeds of the parties. The defendants apparently contend that they built a fence to the west of the described line, which is irregular in direction and covers only a portion of the line, and that they “ran” cattle in the area for two or three years. It was further contended that this fence was not placed on the line but east of the line. No other evidence was presented as to where the line was located.
Upon consideration of the evidence presented, the Court finds that the area in question has been in “scrambled” possession throughout the years and that the true and correct boundary line between the parties is the line as called in the deed introduced and to be more particularly described hereafter.
It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the true and correct boundary line between plaintiffs and defendants is described as follows:
Begin at the Northwest Corner of SW 1/4 of NW 1/4 of S 19, TWS 13 South, Range 9 EAST, Calhoun County, Alabama, thence East along the NORTH line of said forty a distance of 939.98 feet to the point of beginning, thence South 09 degrees and 31 minutes West a distance of 601.27 feet to the North line of a public road.
It is further ORDERED by the Court that the plaintiffs are authorized to retain a surveyor, at their expense, to mark said described line as a judicial land line with stakes marked “judicial land line, CV 80-500014.”
Court costs are to be divided equally between plaintiffs and defendants for which let execution issue.
We affirm.
As it obviously appears from the judgment, the Ledbetters contend that a fence to the west of the government survey line was in fact the true boundary line and had been established through their, and those of their predecessors in title, acts of adverse possession which were actual, hostile, open, notorious, exclusive, and continuous for the ten year statutory period. Implicit in the judgment entered by the trial court is a determination that the Ledbetters’ contentions in this regard were insufficient to satisfy the burden of proof which rested upon them.
There is ample evidence fully supporting the findings made in the judgment. That judgment will not be disturbed on appeal and is due to be affirmed if, under any reasonable aspect of the case it is supported *49 by credible evidence and the trial court will not be reversed unless there is a clear and decided preponderance of evidence demonstrating that the trial court found contrary to that evidence. See generally, Kirby v. Jones, 370 So.2d 250 (Ala. 1979).
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MOÑ and ADAMS, JJ., concur.