BRADLEY, Judge.
Husband appeals from a conditional judgment of forfeiture of an appearance bond.
In 1974 husband and wife were divorced by a decree of the Circuit Court of Montgomery County. Under an agreement incorporated into the decree, husband was ordered to pay child support of $300 per month.
Since the divorce husband has become delinquent in the payment of child support and, as a result, was placed in jail.
On May 26, 1983 husband was found to be in arrears in child support in the amount of $6,863. The court ordered that husband could be released from custody by posting a bond in the amount of $6,863 made payable to wife, and that the bond would be forfeited if husband did not satisfy the total arrearage within thirty days. However, the court did not order husband to reappear at the end of thirty days if the arrearage was not paid.
*887 On May 27, 1983 husband executed a bond with A-l Bonding Company, through its agent, D.R. Goolsby, and was released from jail. The bond provided:
“We Flavous Finch Principal, and others [A-l] ... sureties, agree to pay to the State of Alabama, 6,863.00 Dollars, unless the said Flavous Finch appear in person at the present term of the Juvenile and Court of Domestic Relations of Montgomery County on the 27 day of June 1983 and from term to term thereafter, until discharged by law, to answer a charge for the offense of non support _” (Emphasis added.)
On July 21, 1983 the court entered an order finding husband to be in contempt of court for failing to pay the child support, ordered that the amount of the bond remain the same, awarded attorney’s fees, and entered a conditional forfeiture of the bond Finch had posted on May 27, 1983.
Mr. Finch filed his first notice of appeal on September 2,1983 from the judgment of the trial court dated July 21, 1983 and filed in the clerk’s office on August 12, 1983.
At the time this appeal was taken, no docket fee or security for costs was paid. Furthermore, the motion to proceed on appeal in forma pauperis was denied both at the trial court level and by this court, and no record or transcript was obtained and presented to the appellate court.
This court ultimately issued a notice under rule 2(a)(2), Alabama Rules of Appellate Procedure, advising Finch that the appeal was deficient and that it would be automatically dismissed if Finch did not cure the deficiency within seven days. Finch took no action to cure the deficiency.
The trial court rendered another judgment on September 20, 1983 which was filed on September 26, 1983. The September 26 order found that the bond filed by Finch on May 27, 1983 was a good and valid bond and the court again entered a conditional forfeiture of that bond and held that within thirty days the forfeiture would be made final absent a compliance with the terms and conditions of the bond.
Mr. Finch filed his second notice of appeal on October 19, 1983 from the trial court’s order of September 26, 1983. As in the first appeal, no docket fee or security for costs was paid, and the motion to proceed in forma pauperis was denied at the trial court and appellate court levels. In addition, no record or briefs were presented to the appellate court. Thus, the appeal was again deficient.
As noted above the September 26, 1983 judgment held that the bond was conditionally forfeited and that the forfeiture would be made final in thirty days. On November 29, 1983 the trial court entered a final judgment of forfeiture against A-l Bonding Company.
Finch filed a third notice of appeal on December 13, 1983. The notice provided that the appeal was from the order of September 26, 1983. Appellant filed a docket fee and security for costs and presented both a record and briefs for review. This court treats the third appeal as a cure for the deficiency in the second appeal.
A-l Bonding Company has asked this court to dismiss the appeal. One of the grounds for dismissal is that the appeal is from an interlocutory judgment and not a final judgment.
The judgment that Finch appealed from is the September 26, 1983 judgment. That judgment conditionally forfeited the bond in question and specifically provided that the forfeiture would become final at the expiration of thirty days if Finch had not complied with the conditions of the bond.
An appeal from any final judgment in the circuit court lies to the appropriate appellate court as a matter of right by either party. Kelley v. U S A Oil Corp., 363 So.2d 758 (Ala.1978); § 12-22-2, Code 1975. Appeals lie from the final forfeiture judgment in bail bond cases. Ex parte Moore, 244 Ala. 28, 12 So.2d 77 (1942).
In the case sub judice, the notice of appeal indicated that the appeal was from the September 26, 1983 judgment. Finch, *888 in brief and at oral argument, said that his appeal was from the September 26, 1983 judgment, and he argued the reasons why he considered this judgment to be erroneous. But, as noted above, the September 26, 1983 judgment specifically provided that the judgment was conditional or interlocutory and that the final judgment would be handed down in thirty days absent compliance with the conditions of the bond. A final judgment of forfeiture was entered but Finch did not appeal from that judgment; he appealed from the interlocutory judgment. Only final judgments in bail bond cases will support an appeal. Ex parte Moore, supra. Accordingly, the appeal must be dismissed.
Finch’s first appeal, although timely, was deficient, and is considered to have been dismissed or abandoned. Finch made no effort to correct the deficiencies after his motion to proceed in forma pauperis was denied. No record was established and no briefs were filed. Moreover, no issue was raised in the brief now before us other than the invalidity of the bond. The other issues involved in the first appeal are not presented to this court for decision.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.