HOLMES, Judge.
This is an appeal from a final judgment against A-l Bonding Company in a bond forfeiture proceeding.
The facts surrounding this appeal are somewhat complicated.
The trial court ordered a certain bond posted. The bond was for the release of the principal, who is also the husband in this case, from custody. The trial court further ordered that the bond was to be payable to the principal’s ex-wife. The bond was payable to the ex-wife upon the principal’s failure to pay the ex-wife certain child support arrearages within thirty days.
*626 We note at this point that this is the second time this case has been before this court.
This court suggests that, for a more detailed and comprehensive recitation of the facts, interested parties should refer to Finch v. Finch, 452 So.2d 886 (Ala.Civ.App.1984).
In our earlier opinion we held that the principal’s appeal was to be dismissed. Finch, 452 So.2d at 888. The dismissal was based on the premise that “[o]nly final judgments in bail bond cases will support an appeal.” Finch, 452 So.2d at 888 (emphasis added).
After this court dismissed the principal’s appeal, we remanded the case to the circuit court to enter a final judgment. The circuit court entered a final judgment on October 31, 1984, against A-l Bonding Company in the amount of $6,863 plus costs and in favor of the principal’s ex-wife. A-l appeals and we reverse.
The dispositive issue in this case is whether the trial court erred in determining that, in effect, the bond is a surety bond, or performance bond, payable to the principal’s ex-wife upon forfeiture.
As set out in Finch v. Finch, 452 So.2d 886 (Ala.Civ.App.1984), the trial court ordered the husband, as principal, released from custody for nonsupport upon posting a bond for thirty days for $6,863, the amount of the child support arrearages. The husband executed a bond with A-l Bonding Company and was released. The trial court ordered the bond forfeited to the ex-wife after the husband, as principal, failed to pay the child support arrearages of $6,863 within the thirty days.
After this court remanded the case to the trial court for a final judgment, the trial court ordered the bond forfeited to the ex-wife. This final judgment, in effect, reformed the written instrument to be a surety bond, or performance bond, because the bond that was executed states on its face “appearance bond”.
Forfeited appearance bonds become “public money of the state general fund.” Ala.Code (1975), § 15-13-80(b). This statutory forfeiture is in conflict with the forfeiture to the principal’s ex-wife as ordered by the trial court to effectively reform the bond.
Generally, a written instrument may be equitably reformed to express the parties’ intentions on the ground of mutuality of mistake. Pinson v. Veach, 388 So.2d 964, 966 (Ala.1980). In the present case both the principal and the principal’s ex-wife, as separate appellees, urge this court to reform the bond to be a surety bond on the ground of mutuality of mistake under Ala.Code (1975), § 8-1-2. Their mutuality of mistake arguments are based on conflicting testimony by the A-l Bonding Company representative regarding the exact nature of the bond that was executed, specifically certain testimony that the representative initially understood that the bond was to be a surety bond, and other testimony that the A-l Bonding Company only makes appearance or bail bonds.
In an early decision involving a mistake of name in a bond, the Supreme Court of Alabama relied on the principle that “if the proofs are doubtful, and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief; upon the ground that the written paper ought to be treated as a full and correct expression of the intent, until the contrary is established beyond reasonable controversy.” Gayle v. Hudson, 10 Ala. 116, 128 (1846) (emphasis added). With respect to reformation of any written instrument, “the party opposing the instrument must produce evidence that is clear, convincing, and satisfactory, _” Pinson v. Veach, 388 So.2d 964, 966 (Ala.1980) (emphasis added).
This is not a case for equitable reformation of the written instrument. The proofs of mutual mistake, in the nature of the bond executed, are indeed doubtful and unsatisfactory, failing to meet the clear and convincing standard of proof. Pinson, 388 So.2d at 966. As previously mentioned, the A-l Bonding Company representative testified that initially he understood that *627 the bond was to be a surety bond, but that A-l only makes appearance bonds. We cannot, therefore, reform the instrument to be a surety bond on the basis of conflicting testimony when the instrument executed states on its face “appearance bond.” We cannot “bend the bond to the record.” Cf. Satterwhite v. State, 28 Ala. 65, 70 (1856).
Furthermore, the Court of Appeals held, regarding the language in a bond, that “in determining the meaning to be accorded to doubtful language, a construction should be given, if this can be fairly done, that will support rather than defeat the instrument; _” Loeb v. City of Montgomery, 7 Ala. App. 325, 331, 61 So. 642, 645 (1913). In the present case the language of the bond is not doubtful, but plainly states “appearance bond,” and the form of the bond is written entirely as an appearance bond.
The trial court, as indicated, in effect reformed the bond by ordering the forfeiture to the ex-wife. However, we are convinced that the trial court erred to reversal in effectuating this reformation because mutuality of mistake is not clearly and convincingly proven. See Pinson v. Veach, 388 So.2d 964, 967 (Ala.1980).
In view of what we have said, any contention that the bond is totally “invalid” is without merit.
We, therefore, hold that the bond cannot be equitably reformed to be a surety bond. We reverse the trial court’s judgment in favor of the ex-wife and against A-l Bonding Company and remand the case for a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J„ concur.