51 So.2d 533

## LONG et al. v. LONG.

### 8 Div. 577.

Supreme Court of Alabama.

March 22, 1951.

Malone & Malone, Athens, for appellants.

Bruce Sherrill, Athens, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decretal order of the circuit court, in equity sitting, overruling the defendants' demurrer to the complainant's bill to cancel a quitclaim deed from the complainant to the defendant Earl Long, a son of the complainant, purporting to convey to said son complainant's one-half undivided interest in and to complainant's homestead constisting of eighty acres of land, specifically described by the government survey, and also to cancel a mortgage given by said son to the defendant James Black to secure an indebtedness of $600.00, as a cloud on complainant's title.

The bill alleges that at the time of said conveyance she was in the actual possession of the property and had been continuously in such possession up to the filing of the bill. Such possession was sufficient to charge persons dealing with respect to said land with notice of complainant's claim of title. Seeberg v. Norville, 204 Ala. 20, 85 So. 505.

Moreover, the bill alleges that Earl Long's claim as to complainant's one-half interest was evidenced only by a quitclaim deed. A grantee of land is chargeable with notice of all that is shown or of which he is reasonably put on inquiry by his chain of title and a quitclaim deed in the chain is sufficient to deprive him of

the status of an innocent purchaser without notice. Marsh v. Marsh, 215 Ala. 571, 112 So. 189.

The allegations of the bill if true, and they will be so treated on demurrer, not only show deceptive practices in procuring said deed, but most inhuman abuse of the complainant by her son to cause her to yield to his wishes to procure said conveyance.

The appellant's counsel in their brief state: "The appellants demurred and assigned various grounds, the principal of which were the following: 1. Misjoinder of parties defendant. 2. Laches. 3. That under the allegations of the bill, the mortgage executed by Earl Long to James Black was good in that the mortgage was taken by the said Black for value without notice in a bona fide transaction."

The bill is not subject to the first two aspects of the demurrer nor does it appear from the face of the bill that Black was a bona fide purchaser without notice.

We are, therefore, of opinion that the assignments of error on the record are without merit.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.