88 So.2d 375

Euius JOHNSON et ux.

v.

Lonnie GREEN.

6 Div. 10.

Supreme Court of Alabama.

June 14, 1956.

J. E. Bains, Oneonta, for appellants.

Johnson & Randall, Oneonta, for appel-
lee.

PER CURIAM.

This is an appeal by respondents from a
final decree in equity reforming a certain
deed therein mentioned. There was a
former appeal from a decree on the cross
bill, Johnson v. Green, 259 Ala. 511, 66 So.
2d 768; but nothing there considered is here
involved.

The deed in question was dated Novem-
ber 6, 1934, and was executed by all the
heirs at law of A. L. Johnson, deceased,
except Dock Johnson to whom the deed
was executed. The land included in the

deed was described as the W½ of NE ¼, and N½ of SE¼ of NE¼ of Section 25, Township 12, Range 2W in Blount County. Louis Johnson was one of the grantors. The evidence shows that Louis Johnson was the owner of a portion of the NW¼ of NE¼ about eight acres, which lies east of a hollow extending north and south and marked by a ditch, and north of Bangor Road. The said A. L. Johnson did not own that tract in the NW¼ of NE ¼, above mentioned, east of the hollow and north of the road and had no color of title to it. On November 6, 1934, the heirs of A. L. Johnson assembled and agreed to sell at auction to the highest bidder the land owned by him, which included his home place. The home was situated in the SW¼ of the NE¼, supra. That land was auctioned and Dock Johnson, one of the heirs bid it off at $1,290, the highest bid. The deed was then drawn and all the heirs executed it. Although it included the tract in the NW¼ of NE¼ east of the hollow and north of the road, it was done by mistake of all parties and the grantee did not go into possession of it. But Louis Johnson, the owner of it, held the possession by himself or by his tenant, Lonnie Green, until the death of Louis Johnson. After his death such possession continued under his heirs until they conveyed the tract in dispute with other land to Lonnie Green. Dock Johnson conveyed it to Eulus Johnson, his son, and Gerstel Johnson, the son's wife.

The complainants include all the grantors in the deed to Dock Johnson of November 6, 1934, or the heirs of some who have since died: this includes the heirs of Louis Johnson. The respondents are Eulus Johnson, Gerstel Johnson and Dock Johnson.

 The deed of November 6, 1934, contains a general warranty clause. The person more directly interested in having the error corrected so as to eliminate the tract in question is Lonnie Green who is the successor to Louis Johnson in the ownership of it. Louis Johnson was also an heir of A. L. Johnson and executed the deed of November 6, 1934. So that, Lonnie Green has the right to maintain this suit both as a grantor in that deed and as the successor in interest of Louis Johnson who was the owner of that tract and a grantor in the deed which erroneously included it. Section 59, Title 9; section 136, Title 47, Code; Bankhead v. Jackson, 257 Ala. 131, 57 So.2d 609. But he made as parties complainant all the heirs of A. L. Johnson, deceased, and all the heirs of Louis Johnson, deceased. They are all interested because they all executed a conveyance with a general covenant of warranty of title.

 It is objected that appellants as the purchasers from Dock Johnson had no notice of the error. But when they purchased Lonnie Green was in possession of the tract openly and adversely for Louis Johnson or his heirs. This without something to discredit it was sufficient notice. Long v. Long, 255 Ala. 353, 51 So.2d 533. Possession by a tenant is sufficient. Brunson v. Brooks, 68 Ala. 248(4); 92 C.J.S. Vendor & Purchaser, § 349, p. 287(2). The evidence was clear, satisfactory and convincing that the error was made and that it was mutual. There is nothing in the record which serves to prevent a reformation of the deed of November 6, 1934, as adjudged and decreed by the trial court. It should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.