This appeal arises out of an action to quiet title to real property. The underlying *Page 969 
issue presented is whether the trial court erred in reforming certain deeds which, according to their terms, gave rise to conflicting claims in the same tract of realty. The trial judge, after hearing the case ore tenus, reformed the deeds to reflect what he determined to be the clear intent of all the parties, stating that to hold to the contrary "would unjustly enrich the defendant to the gross detriment of the plaintiff."
Upon reviewing the facts and arguments presented on appeal, we deem the order of the trial court to be appropriate and, therefore, affirm its decision.
Joe Henderson and his wife, Frances, at one time owned all the property to which this action pertains. Included in this property was a brick house which the Hendersons occupied as their primary residence and a small block house which was not occupied as a residence.
On or about November 8, 1978, the Hendersons conveyed one acre of this property to Ricky Joe Kimbrell. Evidence was presented that it was the understanding of the Hendersons and Kimbrell that situated upon this one acre of land was the small block house, which was valued at approximately $2,500.
A short time thereafter, the Hendersons conveyed some twenty acres of land, with the brick house thereon, to the appellee, Albert White, Jr. This house was valued at approximately $35,000.
The tendencies of the evidence were that it was the clear intent and understanding of the Hendersons that they had conveyed the brick house located on this property to the appellee, and the block house to Kimbrell.
Kimbrell went into possession of the small block house and the appellee went into possession of the brick house. At a later date, Kimbrell and his wife mortgaged what was understood by all concerned to be the small block house in order to secure a loan.
On or about September 8, 1979, Kimbrell conveyed what he thought to be the small block house to the appellant, Lem Dalrymple, who came to the block house and inspected it. There was evidence that he was shown the boundaries by Kimbrell and understood what he was purchasing was the small block house. Dalrymple then paid off the existing mortgage on the block house and obtained title to it for some $2,500 consideration.
Some time after Dalrymple obtained title, he learned that, according to the description contained in his deed, the brick house rather than the block house had been conveyed to him. At this point, Dalrymple asserted his claim to the brick house. Appellee White then brought the instant action to quiet title, and sought to have the relevant deeds reformed to vest in him the ownership of the brick house and to vest in Dalrymple ownership of the small block house.
The court, in its final decree, ordered the deed from the Hendersons to White to be reformed to convey the property intended, including the brick house, less and except the small block house and one acre. The court also reformed the deed to Dalrymple to convey the small block house and one acre surrounding it as originally intended between Kimbrell and the Hendersons.
Dalrymple's contention that the trial court's reformation of the deeds was inappropriate is grounded on four basic arguments. His initial argument asserts that White, over his objection, was erroneously allowed to amend his complaint after the trial, and, as a result, he was required to defend certain claims of which he was not afforded sufficient notice. We do not agree.
Rule 15 (b) A.R.C.P., states:
 "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. . . . An amendment shall not be refused under [this *Page 970 
subdivision] of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires."
Applying this rule, we determine that it was well within the court's discretion to allow the complaint to be amended so that it would conform to the evidence presented at trial. We find nothing in the record or in Dalrymple's brief to convince us that he was unduly prejudiced by the trial court's action which granted White permission to amend. Further, we feel that the original complaint sufficiently apprised Dalrymple of the claims and contentions that were presented at trial. The court's ruling to allow the appellee to amend his complaint was not error.
Secondly, Dalrymple contends that White's complaint was inadequate in that neither the original complaint nor the amended complaint set out the deed or instrument by which White was claiming title to the property.
Code 1975, § 6-6-540 provides:
 "When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof or any interest therein or to hold any lien or encumbrance thereon and no action is pending to enforce or test the validity of such title, claim, or encumbrance, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same."
Code 1975, § 6-6-541, provides further that:
 "The complaint authorized by section 6-6-540 must describe the lands with certainty, must allege the possession and ownership of the plaintiff and that the defendant claims, or is reputed to claim, some right, title or interest in, or encumbrance upon, such lands and must call upon him to set forth and specify his title, claim, interest or encumbrance and how and by what instrument the same is derived and created."
White's complaint sufficiently complied with these applicable statutes, and we find no requirement that plaintiff White had to set out his deed in his complaint. See Hooper v. Bankhead,161 Ala. 523, 49 So. 858 (1909).
Dalrymple's third contention for reversal is that all necessary parties were not made parties to this action. He contends that the Hendersons, as grantors of the deed held by White, and the Kimbrells, as grantors of the deed held by Dalrymple, were necessary parties. This is not correct.
In a suit for reformation of an instrument, the necessary parties are "all persons whose interest in the subject matter, legal or equitable, will be immediately or consequently affected by the decree." Leigeber v. Scott, 263 Ala. 507,83 So.2d 246 (1955).
The court's order in pertinent part read as follows:
 "1. Plaintiff's deed [from] Joe Henderson and Frances Henderson shall be reformed to convey the property intended to be purchased including the brick home less and except the small block house and one (1) acre.
 "3. The deed to defendant Lem Dalrymple will be reformed to convey the small block house and one (1) acre surrounding the same as originally intended between Ricky Joe Kimbrell and Frances Henderson and Joe Henderson."
The only current interests affected by this order are those of the plaintiff White and those of the defendant Dalrymple. This, in turn, makes them the only necessary parties to this action. Dalrymple's claim that necessary parties were not before the court is not well taken.
Dalrymple's final argument is that the trial court's ruling should be reversed because *Page 971 
the evidence presented at trial clearly showed him to have a clear chain of title.
The court, after hearing and reviewing the evidence and testimony presented at trial, stated the following in its order:
 "After considering all the evidence and all reasonable inferences arising therefrom, the Court can only conclude that the deeds the subject of this suit would unjustly enrich the defendant to the gross detriment of the plaintiff."
Upon making these determinations, it was well within the trial court's discretion to reform the deeds to reflect the clear intent of the parties involved. Furthermore, the factual findings of a trial court sitting ore tenus may not be disturbed unless the findings are palpably erroneous and without supporting evidence. Gertz v. Allen, 376 So.2d 695
(Ala. 1979).
Under the facts presented, the findings and order of the court are not palpably wrong or without supporting evidence. For this reason and those stated previously, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.