Sidney D. Clemons appeals from the trial court's decision in favor of Paul and Susie Mallett on their counterclaim for reformation of a deed. We affirm.
On November 24, 1980, Mr. Clemons filed an action to quiet title to certain land located in Shelby County, Alabama, against numerous defendants, including the Malletts. Mr. Clemons alleged in his complaint that the source of his title traced back to a deed from one Lula F. Crawford to a Mr. Joe Reese. That deed described a larger tract of land, but included the parcel that is the subject of this suit.
Mr. Clemons further alleged that Mr. Reese, and, after his death, his widow, Cora Reese, conveyed certain parcels from the larger tract to various individuals, all of whom were made defendants to this suit. One such parcel was conveyed by Cora Reese, following Joe Reese's death, to Paul and Susie Mallett. This parcel is the subject of a counterclaim by the Malletts.
Cora Reese died and her will was probated in Jefferson County, Alabama, in 1976. Rebecca Clemons, as sole devisee under the will, received all the real property owned by Mrs. Reese at her death. Rebecca Clemons then deeded the property, the subject of this action, to her son, Sidney Clemons. Mr. Clemons then employed a Mr. Huddie Dansby, a licensed and registered land surveyor, to survey the property.
On December 22, 1980, the Malletts filed an answer to Clemons's complaint, alleging that they were the fee simple owners of a portion of the property claimed by Mr. Clemons. No other defendant answered the complaint, and default judgments were entered against all defendants except the Malletts.
In support of their claim, the Malletts offered a deed from Cora Reese to them allegedly conveying that portion of the property. Also, in their answer, the Malletts set up the defense of adverse possession, alleging, in part:
 "8. Defendants further aver that they have been and are now in adverse, actual, open, notorious, hostile and continuous possession of a portion of the lands claimed by plaintiff, under known and visible lines and boundaries, under color of title through the deed described in item (g) of paragraph 18 of the complaint for more than 10 years next preceding the filing of the complaint. They erected several years ago thereon a house and other improvements, including a gravel driveway, without objection from anyone, or any claim being made thereto by the plaintiff or anyone else. During all of said time they have paid, from year to year, the taxes on said land. *Page 278 
 "9. Defendants aver that plaintiff has never had any possession of the portion of property claimed by defendants, and is not now in peaceful possession of said portion of property, and is not entitled to have fee simple title thereto quieted in himself."
Clemons answered the Malletts' counterclaim and set up a claim for ejectment. The court's pretrial order in this case, issued June 21, 1982, and amended July 1, 1982, contained the following stipulations:
 A. Appellees admitted that the deed from Cora Reese to Appellees did not describe the same real property as that actually occupied by Appellees;
 B. Appellees claimed that the land actually occupied by them is the same land they intended to be conveyed to them;
 C. Appellees claim statutory relief for occupancy of the correct land under a deed with a vague or incorrect description;
 D. Appellees admitted that Appellant is the record owner of the real property described in the complaint;
 E. Both Appellant and Appellees admitted that the survey made by Huddie Dansby is accurate; and
 F. Both Appellant and Appellees admitted that Appellees had occupied the real property upon which their improvements are situated for more than ten (10) years.
On June 8, 1982, Mr. Clemons amended his complaint to include an ejectment claim and a claim for mesne profits for waste, injury, and detention of the property.
The case went to trial on the stipulations of the pretrial order, plus the following stipulations:
A. Both Appellant and Appellees have paid taxes;
 B. The subject real property is the same as set forth in the title binder issued by Shelby County Abstract Company;
 C. The matter in controversy was the matter of Appellees' deed; the location of the property therein described; the question of reformation of the deed; and the claim for the reasonable value of rents and profits.
The trial judge, after hearing ore tenus testimony, entered an order, on January 31, 1983, granting reformation of the Malletts' deed and denying the relief requested by Clemons. The court entered an amended judgment on May 10, 1983, which granted Clemons relief against all defendants other than the Malletts.
Clemons filed his notice of appeal on June 10, 1983. Clemons argues on appeal that the order of the trial judge granting reformation of the Malletts' deed on the grounds of mutuality of mistake is manifestly unjust, palpably erroneous, and against the great weight of the evidence. We do not agree.
It is a general rule in Alabama that a court may exercise its equitable powers to reform a deed to make it conform to the intention of the parties. See Pinson v. Veach, 388 So.2d 964
(Ala. 1980); Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576
(1950). One of the established grounds for reformation of an instrument is mutuality of mistake. See Federated Guaranty LifeInsurance Company v. Painter, 360 So.2d 309 (Ala. 1978);Original Church of God, Inc. v. Perkins, 292 Ala. 283,293 So.2d 292 (1974).
In Palmer v. Palmer, 390 So.2d 1050, 1053 (Ala. 1980), concerning reformation due to mutual mistake, this court stated:
 "Where it appears that by a mutual mistake of all parties the instrument does not conform to or express their intention or agreement, as where by mistake some material part of the instrument is omitted or the deed is drawn to convey a different interest or a greater or lesser estate than was agreed upon, relief may be had in equity against the other party to the conveyance or his privies. 23 Am.Jur.2d Deeds §§ 155, 158 (1965).
 "Although a deed in terms expresses the intention of the parties, if there is a *Page 279 
material mistake as to the property to which those terms apply, such as to its identity, situation, boundaries, title, amount, value, and the like, a court of equity may grant appropriate relief. Goodrich v. Lathrop, 94 Cal. 56, 29 P. 329 (1892)."
In such a case, an error in drafting establishes mutuality of mistake, Williams v. Phillips Petroleum Co., 453 F. Supp. 967
(S.D.Ala. 1978); Fidelity Service Ins. Co. v. A.B. Legg SonsBurial Ins. Co., 274 Ala. 94, 145 So.2d 811 (1962); and it is immaterial as regards reformation who employed the draftsman.Taylor v. Burns, 250 Ala. 218, 34 So.2d 5 (1948); McCaskill v.Toole, 218 Ala. 523, 119 So. 214 (1928).
At the trial level, the party opposing the instrument to be reformed must produce evidence that is clear, convincing, and satisfactory, which proves that the deed does not truly express the intentions of the parties. Pinson v. Veach, supra; Adams v.Adams, 346 So.2d 1146 (Ala. 1977); Original Church of God v.Perkins, supra. Furthermore, the party proposing reformation must also show that the reformation will not prejudice the rights of innocent third parties. Adams v. Adams, supra, Code of Alabama 1975, § 8-1-2.
It should also be noted that the death of the grantor alone will not affect the right of the grantee to reformation for mutual mistake in description, Beason v. Duke, 246 Ala. 387,20 So.2d 717 (1945). Reformation will be allowed not only as against the original parties, but also against those claiming under them in privity, such as representatives, heirs or devisees, legatees, assignees, voluntary grantees or judgment creditors, or purchasers from them with notice of the facts.Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157 (1950); PhoenixChair Co. v. Daniel, 228 Ala. 579, 155 So. 363, 365 (1934). Furthermore, possession of the property is sufficient notice to defeat a bona fide purchaser for value in a reformation action.Johnson v. Green, 264 Ala. 381, 88 So.2d 375 (1956).
It is argued that the mistake in the deed was due to the Malletts' own negligence in not having a survey made of the property to be deeded, and that relief should be denied on that ground. It is the rule, however, that even clearly established negligence may not, of itself, be a sufficient ground for refusing relief from a mutual mistake in a deed, if it appears that the other party has not been prejudiced thereby and there is no fraud or overreaching involved, since the negligence in such cases must be culpable and injurious to bar the relief.Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576 (1950); Taylor v.Burns, supra; Ballentine v. Bradley, 238 Ala. 446, 191 So. 618
(1939).
Finally, it is a familiar standard that the decision of a trial judge who heard the evidence in a case presented oretenus will not be overturned on appeal so long as it is supported by competent evidence and is not manifestly unjust or plainly and palpably erroneous. Adams v. Adams, supra; FidelityService Ins. Co., supra; Murphree v. Henson, 289 Ala. 340,267 So.2d 414 (1972). This standard is certainly applicable to reformation cases. Dalrymple v. White, 402 So.2d 968 (Ala. 1981).
We conclude from a review of the record in this case that, in light of the principles stated above, there is sufficient evidence to support the trial court's decision to reform the Malletts' deed. Furthermore, our review of the weight of the evidence does not convince us that the decree is manifestly unjust or plainly and palpably erroneous. The decision of the trial judge, therefore, is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 280