ADAMS, Justice.
This is a pro se appeal filed by defendant Sidney Clemons from a judgment in favor of plaintiffs Paul and Susie Mallett. The Malletts filed suit against Clemons on November 18, 1985, seeking an injunction requiring Clemons to remove a fence he had built on their property. The suit also sought damages for trespass. Clemons filed a counterclaim for abuse of process, extreme outrage, and assault.
*688 Prior to these claims, these same parties had come before this Court, and we had affirmed the judgment in favor of the Malletts with regard to a description of their property. Clemons v. Mallett, 445 So.2d 276 (Ala.1984). Clemons subsequently erected a fence, which a survey showed to be on the Malletts’ property. Clemons would not remove the fence, so the Mal-letts filed this suit to have him declared a. trespasser, and to have the fence removed. The court issued an injunction against Clemons, ordering him to remove the fence; enforcement was stayed pending the outcome of this appeal.
Much of Clemons’s brief is an attempt to relitigate the description in the trial court’s order that we held to be correct on the first appeal involving these parties. Suffice it to say that once an issue is determined on appeal, it cannot be relit-igated in the trial court.
We have likewise carefully looked at each of Clemons’s pro se arguments and find each one to be without merit. Most of this case falls within the ambit of the ore tenus rule. That rule is that the judgment of the trial court based on factual findings made by the court upon ore tenus testimony will not be overturned on appeal as long as it is supported by competent evidence and is not manifestly unjust or plainly or palpably erroneous. Adams v. Adams, 346 So.2d 1146 (Ala.1977). The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ„ concur.