STEAGALL, Justice.
Defendants, Jack Brewer, Barry J. Brewer, and Sharon R. Brewer, appeal from a final judgment of the Circuit Court of Lauderdale County reforming a deed purporting to convey two tracts of land from the plaintiff, O.W. Stanley, to the Brewers.
On September 1, 1983, O.W. Stanley purchased the two tracts of land in question, the “Alabama Street” property and the “Tennessee Street” property, at a foreclosure sale. The properties had previously been owned by Stanley’s son-in-law, Jack Brewer. On September 10, 1985, Jack Brewer was divorced from Stanley’s daughter. On September 12, 1985, a deed was executed conveying some property to Barry J. Brewer (Jack Brewer’s son) and Barry’s wife, Sharon R. Brewer. O.W. Stanley gave the deed to his former son-in-law with instructions to file the deed in the office of probate. After it was filed, Stanley discovered a discrepancy in the descriptions of the deed he gave Jack Brewer and the deed on file with the office of probate. Jack Brewer contends that both the Alabama Street property and the Tennessee Street property were conveyed. Stanley argues that the deed that he signed on September 12, 1985, contained only a description of the Alabama Street property and that it was his intention to convey only a one-half undivided interest in the Alabama Street property and to hold the Tennessee Street property to eventually be conveyed by will to his grandson Dustin Brewer.
After an ore tenus hearing, the trial judge reformed the deed to convey a one-half undivided interest in the Alabama Street property only, and set aside any conveyance of the Tennessee Street proper *300 ty. From that judgment, defendants appeal.
On appeal, the Brewers argue that plaintiff Stanley failed to prove:
1. A mutuality of mistake by clear and convincing evidence; and/or
2. Fraud on the part of appellants Barry J. Brewer and Sharon R. Brewer.
It is clear that, in Alabama, reformation of a deed due to mistake and/or fraud is proper:
“[W]hen a writing through mutual mistake of the parties, or mistake of one of the parties, and fraud or deception on the part of the other, or mistake of the scrivener who drew the contract for the parties, contains substantially more or less than the parties intended, or the intention of the parties is not expressed ‘due to inapt language,’ it will be reformed to express the true intention of the parties. West End Savings Bank v. Goodwin et al., 223 Ala. 185, 135 So. 161 [(1931)]; Kinney et al. v. Kinney, 230 Ala. 558, 161 So. 798 [(1935)]; Code 1923, § 6825 [§ 8-1-2, Code of Alabama (1975)].”
Atlas Assur. Co., Limited, of London, England v. Byrne, 235 Ala. 281, 282, 178 So. 451, 452 (1938).
The power of the trial court to reform a deed generally was stated in Powell v. Evans, 496 So.2d 723, 725 (Ala.1986):
“The general rule in Alabama is that a court may exercise its equitable powers to reform a deed to make it conform to the intention of the parties. Clemons v. Mallett, 445 So.2d 276 (Ala.1984); Pinson v. Veach, 388 So.2d 964 (Ala.1980); Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576 (1950).”
This Court in Powell also recited the standard to be used to review the decision of the trial court in reformation cases:
“The standard applicable to reformation cases is that the decision of a trial judge who heard ore tenus evidence will not be overturned on appeal if it is supported by competent evidence and is not manifestly unjust or plainly and palpably erroneous. Clemons v. Mallett, supra; Dalrymple v. White, 402 So.2d 968 (Ala.1981).”
After a thorough review of the record below, we find that the trial court’s judgment was not plainly or palpably erroneous and that the evidence was sufficient to support that judgment. The judgment of the trial court reforming the deed to express the true intentions of the parties is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.