COOK, Justice.
The plaintiff, Belinda Kay McKinnon, appeals from a summary judgment entered in favor of the defendant, Michael J. Romeo on her claim of legal malpractice. We affirm.
McKinnon sued Romeo on May 20, 1992, alleging liability under the Legal Services Liability Act of Alabama, Ala.Code 1975, § 6-5-570 et seq., with regard to a matter Romeo had handled for her in the late 1980’s. Specifically, Romeo had handled a claim by McKinnon’s father against Blue Cross and Blue Shield of Alabama and, upon the death of her father, Romeo had substituted McKin-non as a named plaintiff in the action. McKinnon contends that, because she was employed by Blue Cross at the time of the action, she requested that her name be removed from the action. She claims that Romeo failed to follow her instructions and that, as a result, she lost her job on July 14, 1987. In Michael v. Beasley, 583 So.2d 245 (Ala. 1991), this Court held that the two-year statute of limitations for actions filed pursuant to the Legal Services Liability Act was retroactive. We stated:
“To summarize, we first hold that the limits in the LSLA are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission. Second, we hold that the legislature intended that the one year given by the saving provision in Ala.Code 1975, § 6-5-574(a), should be measured from the ‘effective date’ of the Act. The effective date of the LSLA is April 12, 1988. Ala.Code 1975, § 6-5-581. Third, because the legislature measured the saving provision from the effective date (April 12, 1988), which provides a reasonable period of time, we hold that the legislature intended the LSLA to apply retrospectively.
“Consequently, § 6-5-574(a) provides that a cause of action against a legal service provider must be commenced within whichever of the following limitations periods would provide the longest time in which to bring an action: (1) within two years after the cause of action accrued; (2) if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of the discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued; or (3) if the cause of action accrued before the effective date, then within one year after the effective date of April 12, 1988.”
583 So.2d at 252. (Footnote omitted.) McKinnon’s cause of action accrued on July 14, 1987, before the April 12, 1988, effective date of the statute. Therefore, she was entitled to two years from July 14, 1987 (i.e., to July 14, 1989), or one year from April 12, *1390 1988 (i.e., to April 12, 1989), whichever was longer, to file her action. Based on that analysis, we would conclude that the limitations period for McKinnon’s cause of action ran on July 14, 1989. Notwithstanding the running of the limitations period in July 1989, on December 28, 1990, Romeo signed an agreement that stated as follows:
“Michael J. Romeo, an attorney licensed to practice law in the State of Alabama hereby agrees to suspend, waive, or otherwise forgo as an affirmative defense the Statute of Limitations applicable to attorney malpractice actions in the State of Alabama during the pendency of those legal actions styled Belinda Kay McKinnon v. Blue Cross and Blue Shield of Alabama, CV-88-1859 (10th Judicial Circuit of Alabama) and Belinda Kay McKinnon v. Blue Cross and Blue Shield of Alabama, CV-89-H-1264-S (Federal District Court, Northern District of Alabama) or for a period of six (6) months from the date of this agreement, whichever occurs first.”
Six months from December 28, 1990, was June 28, 1991. McKinnon sued in May 1992, but now claims that her attorney had made a clerical error in the agreement. She contends that the phrase in the agreement reading “whichever occurs first” should have read “whichever occurs last.” In opposition to Romeo’s motion for summary judgment, McKinnon offered the affidavit of her attorney at the time the agreement was entered wherein he states that the agreement does not reflect the intentions of the parties. He stated:
“I negotiated with [Romeo’s attorney] briefly by telephone and reached an agreement that Michael Romeo was willing to suspend or otherwise waive the statute of limitations applicable to attorney malpractice actions in Alabama for a period of six months from the date of the agreement or during the pendency of those federal and state court actions by Belinda K. McKin-non against Blue Cross whichever occurs later.
“I then drafted an agreement to memorialize what we had agreed to by telephone. The agreement that I drafted is attached hereto as Exhibit A and incorporated herein by reference.
“Exhibit A does not accurately reflect my agreement on behalf of Belinda K. McKinnon with [Romeo’s attorney] on behalf of Michael J. Romeo. In Exhibit A, Mr. Romeo agrees to suspend or otherwise waive the statute of limitations during the pendency of those legal actions styled Belinda K. McKinnon v. Blue Cross and Blue Shield of Alabama in state and federal courts, or for a period ‘of six months from the date of this agreement, whichever occurs first.’ This language is in error.
“The intent of my obtaining an agreement from [Romeo’s attorney], as expressed to [Romeo’s attorney] at the time, was to keep Ms. McKinnon’s option for suing Mr. Romeo open during the entire pendency for her state and federal court proceedings or for six months whichever occurred later.
“At the time the agreement was made, there was no realistic probability that either Ms. McKinnon’s state or federal court actions would be resolved within six months or less. I discussed this posture of the case with [Romeo’s attorney]. Our brief on behalf of Ms. McKinnon was filed in the 11th Circuit Court of Appeals on June 22, 1990.
“There was never any intent on my part or as stated by [Romeo’s attorney] that a six-month time limit be imposed for bringing an action against Mr. Romeo. Our intent, as agreed to orally prior to the drafting of the agreement, was to let Ms. McKinnon’s state and federal court actions run their complete course and if at that time, she had been unsuccessful, she would still have the option of bringing a legal malpractice action against him.
“The reason that we had decided not to sue Michael Romeo in the first instance was that during the period of time Ms. McKinnon’s action accrued against him, he was not covered by attorney malpractice insurance, thus would have been essentially judgment proof had we gone forward with such an action. Additionally, we were confident on surviving the motion for summary judgment in state court'(which we eventually did) and on reversing Judge Hancock and obtaining a new trial in federal district court.
*1391 “The rationale, then, as agreed to by me and [Romeo’s attorney] for Mr. Romeo suspending or otherwise waiving Alabama statute of limitations for attorney malpractice actions was to leave any action by Ms. McKinnon against Mr. Romeo as a last option to be used only on the failure of Ms. McKinnon’s recovery against Blue Cross in state or federal court.
“The language in Exhibit A that reads ‘whichever occurs first’ is a drafting mistake that does not reflect the agreement between the parties as negotiated by me with Mr. Romeo’s attorney....”
The trial judge refused to reform the agreement on the basis of mutual mistake and entered a summary judgment in favor of Romeo.
In McDonald v. U.S. Die Casting & Development Co., 585 So.2d 853, 855 (Ala.1991), we stated the following with regard to John McDonald’s contention that an employment contract signed by him did not reflect the intentions of the parties and that it, therefore, was due to be reformed:
“Pursuant to Ala.Code 1975, § 8-1-2, McDonald requested the trial court to reform the employment agreement. That Code section provides as follows:
“ ‘When, through fraud, a mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons in good faith and for value.’
“It is well established that courts should exercise great caution and require a high degree of proof in cases of reformation of written instruments. Clemons v. Mallett, 445 So.2d 276 (Ala.1984). Moreover, ‘[a]t the trial level, the party opposing the instrument to be reformed [here McDonald] must produce evidence that is clear, convincing, and satisfactory, which proves that the [instrument] does not truly express the intentions of the parties.’ Id. at 279 (emphasis added). If the averments are
“ ‘doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief; upon the ground that the written paper ought to be treated as a full and correct expression of the intent, until the contrary is established beyond reasonable controversy.’”
Gayle v. Hudson, 10 Ala. 116,. 128 (1846).
“We conclude from a review of the record that, in light of the principles stated above, this is not a case for equitable reformation. Specifically, the record is devoid of any ‘clear, convincing, and satisfactory’ evidence, that the August 20, 1985, employment agreement deviates from the intention and understanding of both parties at the time of its execution. Therefore, the trial court correctly entered the summary judgment in USDC’s favor on this issue.”
585 So.2d at §56. Even if the agreement is read as McKinnon claims it should have been written, the defendant was nevertheless entitled to a summary judgment. As pointed out by Romeo, the agreement states that Romeo will waive the statute of limitations defense for six months or “during the pen-dency of those legal actions styled Belinda Kay McKinnon v. Blue Cross and Blue Shield of Alabama, CV-88-1859 (10th Judicial Circuit of Alabama) and Belinda Kay McKinnon v. Blue Cross and Blue Shield of Alabama CV-89-H-1264-S (Federal District Court, Northern District of Alabama).” Clearly the six months has lapsed. McKin-non’s state case was dismissed on February 20,1992, and the dismissal of the federal case was made final on August 9, 1991. McKin-non filed this present action in May 1992. While the parties may have intended that she have a reasonable time after the disposition of those two pending actions in which to file her complaint against Romeo, the agreement does not indicate such an intent.
Based on the foregoing, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and INGRAM, JJ., concur.