L. CHARLES WRIGHT, Retired Appellate Judge.
Chris 0. Fields, Sr., Paul Gregory Dupree, and Walter Clayton Dupree appeal from the trial court’s decision in favor of Bonner and Sybil Phelps in an action for the reformation of two deeds. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Phelpses owned several tracts of real estate, one of which encompassed their home in Baldwin County, Alabama, along with adjacent property, and several lots in Bessemer, Alabama. The Phelpses retained an attorney and requested that the attorney prepare appropriate deeds to convey an interest in their property to their daughter, Shirley Fields. Mr. Phelps testified, ‘We were wanting all our propert[y] to where when we died, it would go to our children without any hassle. We wanted control of it until we died.” He said that he wanted to transfer title because he wanted to “avoid probate” and because his daughter, Shirley, had agreed to move to Gulf Shores, to build a house on their property, and to take care of them in their old age.
Mr. Phelps testified that he understood that the attorney was going to reserve a “life estate” on their behalf. He testified, “[The attorney] said Life Estate. When [the attorney] said that, I thought he was talking about it as [if] we would have control over it to buy ourselves whatever.” At trial, when Phelps was questioned as to what he meant by control over it and as to what was his understanding of his intent, he stated, “If I took a notion to sell it I could sell it because it was my property.” Phelps stated that he thought the attorney understood that they “had to have” the property for future monetary emergencies that could arise from their old age. When questioned as to whether there was any conversation concerning where the property would go if Shirley predeceased the Phelpses, Mr. Phelps responded, “We wanted it to come back to us.”
The attorney testified that he did not know how to draft a deed giving title to Shirley and retaining control in the Phelpses other than limited control through a life estate. He testified that he executed the deeds in the manner that he did for estate tax purposes. The Phelpses, however, had no taxable estate. On cross-examination it was suggested to the attorney that a reversion clause or a power to sell clause could have been inserted to express the intent of the Phelpses.
The Phelpses testified that their income consisted of Social Security benefits and weekly payments made to them by their son, who operates an automobile repair shop located in Bessemer. They testified that they *858 had attempted to get jobs but that at their age, it was impossible. Mrs. Phelps earned minimal income working at supermarkets, serving samples of food. Mr. Phelps occasionally did the same.
The deed to the Bessemer property was executed in October 1992. The deed to the Gulf Shores property was executed in April 1993.
In May 1993 Shirley was diagnosed with bone cancer. During that period the Phelps-es found that there were some errors in the deeds. The granting clauses in the deeds were not consistent with the habendum clauses. The Gulf Shores deed described property that had previously been sold to a third party. During this time the Phelpses also realized that should their daughter predecease them, the property would go to her heirs and would not revert back to them.
During her illness the Phelpses advised their daughter of some of the mistakes contained in the deeds. Upon learning of the mistakes, Shirley directed her husband, Chris Fields, Sr., to retrieve the deeds from their safety deposit box. At her house in Bessemer, Shirley handed the deeds to her father, with words to the effect, “do what must be done to the deeds.”
Shirley died in December 1993. She was survived by her husband and Paul and Walter Dupree, her children from a previous marriage. Shortly thereafter, the Phelpses filed this action, requesting that the trial court rescind the subject deeds and return the property to them.
It is well settled that one of the established powers of equitable jurisdiction is the ability to reform a written deed to make it conform to the intention of the parties. Clemons v. Mallett, 445 So.2d 276 (Ala.1984). One ground for invoking such authority is mutuality of mistake. Clemons.
Concerning reformation due to mutual mistake, our supreme court, in Palmer v. Palmer, 390 So.2d 1050 (Ala.1980), stated the following:
“Where it appears that by a mutual mistake of all parties the instrument does not conform to or express their intention or agreement, as where by mistake some material part of the instrument is omitted or the deed is drawn to convey a different interest or a greater or lesser estate than was agreed upon, relief may be had in equity against the other party to the conveyance or his privies. 23 Am.Jur.2d Deeds §§ 155,158 (1965).
“Although a deed in terms expresses the intention of the parties, if there is a material mistake as to the property to which those terms apply, such as to its identity, situation, boundaries, title, amount, value, and the like, a court of equity may grant appropriate relief. Goodrich v. Lathrop, 94 Cal. 56, 29 P. 329 (1892).”
In Clemons, our supreme court stated, “an error in drafting establishes mutuality of mistake, ... and it is immaterial as regards reformation who employed the draftsman.”
The party proposing reformation of a deed must produce evidence that is clear, convincing, and satisfactory, which proves that the deed does not truly express the intentions of the parties. Powell v. Evans, 496 So.2d 723 (Ala.1986). An appellate court’s standard of review in reformation cases is that the decision of the trial court that heard the oral evidence will not be overturned on appeal if its decision is supported by competent evidence and is not manifestly unjust or plainly and palpably wrong. Powell.
In reforming the deeds, the trial court found that the attorney had made a mistake in his description of the Gulf Shores property and that the deeds did not conform to the intent of the parties. Concerning its second finding, the trial court found the following:
“The Court further finds, based upon the testimony at trial and the documents presented in evidence, that it was the intention of the Grantors, Bonner C. Phelps, Sr. and Sybil L. Phelps, that they convey to their daughter, Shirley Phelps Fields, those certain lots described in the deed dated October 6, 1992, and Parcel No. 2 as described in the deed dated April 20, 1993, subject to reservation of a Life Estate in Plaintiffs and subject to a defeasible estate *859 in fee in Shirley Phelps Fields in the event the Grantee predeceased Grantors/Plaintiffs. The Court finds that the intent was mutual between Grantors and Grantee. The Defendants offered no evidence to the contrary. Evidence showed Shirley Phelps Fields predeceased her parents, the Plaintiffs herein.
“The Court further finds that as part of the consideration for the conveyance of title to Shirley Phelps Fields, it was the intent of the parties that the Grantee would care for and support the Grantors in the event they became physically or mentally disabled to care for themselves. The Court further finds that Shirley Phelps Fields, as part of the consideration, intended to build a home adjoining the Plaintiffs’ home in Baldwin County in order to care for Plaintiffs in the event the need were to arise in the future. The Court finds that Shirley Phelps Fields understood the purpose of the conveyances into her name of the property described in said deeds as evidenced by her words and actions prior to death. Defendants offered no evidence to the contrary.
“The Court finds that the deeds as written do not express the intentions of Grantors and Grantee due to error of the scrivener-attorney; that the deeds contain substantially less than the parties intended and the parties’ intention is not expressed due to inept language and omission of material clauses in the two deeds; that the mistakes and omissions are material to effectuate the intent of the parties; and that the mistake was mutual. The Court finds there is no injury to an innocent purchaser for value or third party under the testimony presented at trial and the evidence submitted.”
We find the trial court’s decision to be supported by sufficient evidence. Its decision is not manifestly unjust or plainly and palpably erroneous. We hold that the trial court committed no error in reforming the deeds to express the true intention of the parties. The trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.